# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **SARAH WATKINS,** ) <br> 2849 PESTALOZZI, 2F ) <br> ST. LOUIS, MO 63118 ) <br>             Plaintiff, ) <br> ) <br> ) <br> vs. ) <br> ) <br> **CITY OF ST. LOUIS, MISSOURI** ) <br>    SERVE:   LYDA KREWSON ) <br>                 1200 MARKET, RM. 200 ) <br>                 ST. LOUIS, MO 63103 ) <br> ) <br> **AND** ) <br> ) <br> **POLICE OFFICER ANDREW** ) <br> **METCALF**, # 14424, in his individual ) <br> and official capacities, ) <br> ) <br> **AND** ) <br> ) <br> **POLICE OFFICER BRYANT** ) <br> **MORRIS**, # 14262, in his individual ) <br> and official capacities, ) <br> ) <br> **AND** ) <br> ) <br> **POLICE OFFICER DARRYL** ) <br> **BAKER**, # 14237, in his individual ) <br> and official capacities, ) <br> ) <br> **AND** ) <br> ) <br> **POLICE OFFICER JUSTIN** ) <br> **COLOMBO**, # 14422, in his individual ) <br> and official capacities, ) <br> ) <br> **AND** ) <br> ) | Case No. <br><br><br> **JURY TRIAL DEMANDED** |

1

| | |
|---|---|
| **POLICE OFFICER FREDERICK THOMPSON**, # 14399, in his individual and official capacities, | )<br>)<br>)<br>) |
| **AND** | )<br>)<br>) |
| **POLICE OFFICER ANTHONY THOMPSON**, # 14399, in his individual and official capacities, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

**COMES NOW** plaintiff, and alleges the following as her causes of action against defendants, jointly and severally, state as follows:

## PARTIES

1. Plaintiff Sarah Watkins currently resides in the State of Missouri.

2. Defendant City of St. Louis is a governmental entity created by and established under the laws of the State of Missouri, including pursuant to Article VI § 1 of the Missouri Constitution. At all times relevant hereto Defendant City of St. Louis acted through its agents and employees including Defendant Police Officers Andrew Metcalf, Bryant Morris, Darryl Baker, Justin Colombo, Frederick Thompson, Athony Thompson ("Defendant Officers") as well as other agents and employees of the St. Louis Metropolitan Police Department and the St. Louis International Airport Police Department. The Defendant Officers are named in their individual and official capacities as to each of the federal civil rights claims herein brought pursuant to under 42 U.S.C. §§1983, 1985 and 1988 and the United States Constitution.

3. Defendant Police Officers were members of the St. Louis Lambert Airport Police Department ("Airport Police Department"), a division of the City of St. Louis Public Safety Department ("Public Safety Department"), and are employed by the City of St. Louis.

4. The City of St. Louis formulated policies and procedures for the Airport Police Department and the Public Safety Department.

5. The City of St. Louis, through the Airport Police Department and the Public Safety Department, had custody, rule, keeping and charge of the officers and deputies who were within the employ of the City of St. Louis and formulated policy for the City of St. Louis and the Airport Police Department and Public Safety Department. The Board and its individual members controlled all relevant activities, policies, rules, customs and training of the Airport Police Department and Public Safety Department.

6. The City of St. Louis, through the Airport Police Department and the Public Safety Department, has the duty and responsibility to preserve the public peace, prevent crime and arrest offenders, and enforce all laws and ordinances within the limits of the City of St. Louis, Missouri.

7. The City of St. Louis, through the Airport Police Department and the Public Safety Department, has exclusive management and control of its policies and practices regarding the method and manner of response to calls for officer assistance, and is responsible for ensuring that members of the Airport Police Department and Public Safety Department conduct themselves in a lawful manner in undertaking their duties.

8. Each and all of the acts of Defendant City of St. Louis and the Defendant Police Officers were made under the color and pretense of the statutes of the state of Missouri and the regulations, practices, customs, and usages of the Airport Police Department and Public Safety Department.

9. Defendant City of St. Louis, a governmental entity, was created by, and established under, the laws of the State of Missouri. At all relevant times, City of St. Louis had the ability to control and direct the conduct of the aforementioned officers as they performed their duties in furtherance of City of St. Louis's goals. Defendant City of St. Louis was also charged with the direction and supervision of officers who were within its employ. Each of the acts alleged herein against defendants were committed by them individually, or their agents, servants and/or employees, while acting under color of state law with approval and knowledge of their superiors.

## JURISDICTION

10. Plaintiff's actions arise under 42 U.S.C. §§1983, 1985 and 1988 and the United States Constitution. This Court has jurisdiction under 28 U.S.C. §§1331 and 1343. Plaintiffs invoke the supplemental jurisdiction of the Court pursuant to 28 U.S.C. §1367 to hear and decide their claims under Missouri law. This Court also has jurisdiction pursuant to 42 U.S.C. §1988 to award and allocate attorney's fees which are specifically requested in the Complaint.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (e) because the events and/or acts and/or omissions giving rise to this Complaint occurred on the property of the

Lambert International Airport in St. Louis, Missouri, which lies within the Eastern District of Missouri and because defendants were performing their duties and responsibilities within the Eastern District of Missouri.

## ALLEGATIONS COMMON TO ALL COUNTS

12. This is an action by Plaintiff Sarah Watkins for damages for excessive force resulting from a violation of her constitutional rights by on-duty City of St. Louis police officers Andrew Metcalf ("Officer Metcalf"), Bryant Morris ("Officer Morris"), Darryl Baker ("Officer Baker"), Justin Colombo ("Officer Colombo"), Frederick Thompson ("Officer F. Thompson"), Athony Thompson ("Officer A. Thompson"), and the City of St. Louis. The defendants violated Ms. Watkins' well-settled federal civil rights while acting under color of state law.

13. This is a civil action seeking money damages against the Defendants and others, under color of state law, who deprived Plaintiff Sarah Watkins of rights secured to her under the Constitution of the United States of America and other laws of the United States. In addition, Defendants by denying her of her liberty; and for refusing, failing or neglecting to prevent such deprivations or denials to Plaintiff causing her serious injury and bodily harm.

14. On December 24, 2016, the individual Defendant Officers, using excessive force, unlawfully assaulted and intimidated Plaintiff, causing her serious injury and bodily and mental harm.

5

## FACTS OF OCCURRENCE

15. Sarah Watkins ("Ms. Watkins") was, at all relevant times, a 29-year old woman who weighed approximately 230 pounds.

16. Just prior to 9:00 pm on December 24, 2016, Ms. Watkins was driving her vehicle near Lambert International Airport when she was stopped by Officer Metcalf for an alleged traffic violation.

17. Officer Metcalf informed the Airport Police Department of the stop and officers were dispatched to his location near 10701 Lambert International Boulevard in St. Louis, Missouri.

18. Defendant Police Officers Morris, Baker, Colombo, F. Thompson and A. Thompson soon arrived at Officer Metcalf's location to assist.

19. After Ms. Watkins stopped her vehicle, Defendant Metcalf asked her to step to the back of the vehicle to investigate the alleged traffic violations.

20. Defendant Metcalf then handcuffed Ms. Watkins, and without warning, Defendant Officer Metcalf yelled at Ms. Watkins and forced her into the front of her vehicle. While forcing Ms. Watkins into Officer Metcalf's vehicle, and without provocation, Defendant Officers sprayed her with pepper spray and repeatedly hit her on the leg with a baton.

21. Defendant Officers continued to pepper spray and hit Ms. Watkins while she was restrained and pinned in the front seat of Officer Metcalf's car for the express purpose of inflicting pain and punishment and without any legitimate police purpose.

22. Defendant Officers pepper sprayed and hit Ms. Watkins while she was on the ground and when Defendant Officers were present and available to maneuver and otherwise secure Ms. Watkins's cooperation.

23. The pretext for the multiple strikes to Ms. Watkins' leg and use of pepper spray was that Ms. Watkins "resisted arrest."

24. Ultimately, Defendant Officers transported Ms. Watkins to the police station where they offered to transport her to the emergency room for treatment.

25. Ms. Watkins was treated at urgent care for lacerations and bruising to her leg and for treatment due to pain and injuries caused to her face and body.

## COUNT I

### VIOLATION OF FOURTH, EIGHTH AND FOURTEENTH AMENDMENTS TO UNITED STATES CONSTITUTION UNDER 42 U.S.C. §1983

26. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. Defendant Officers did assault and otherwise brutalize Ms. Watkins as aforementioned, and unreasonably seized Ms. Watkins in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

28. Defendant Officers used excessive force and, when they had the opportunity to do so, failed to stop assaulting Ms. Watkins, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

29. Specifically, these Defendant Officers were deliberately indifferent in one or more of the following respects:

    a. defendants knew of and disregarded the substantial risk of harm to Ms. Watkins in failing to exercise proper crisis management, in using pepper spray and a baton on Ms. Watkins, in using pepper spray and a baton multiple times on Ms. Watkins, in using pepper spray and a baton on Ms. Watkins after she had been restrained by Defendant Metcalf and/or others, in using pepper spray and a baton to obtain "pain compliance," in keeping her on the ground before, during and after using pepper spray and a baton and while it was unnecessary to use pepper spray and a baton on Ms. Watkins;

    b. defendants failed to take reasonable measures to abate the aforementioned risks and the conditions Ms. Watkins suffered from.

33. As a direct and proximate result of the aforementioned unlawful acts and malicious physical abuse of Ms. Watkins by defendants, all committed under color of law and under the officers' authority as City of St. Louis police officers, Ms. Watkins was severely injured and was deprived of her right to be free from unreasonable seizures of her person, from the use of excessive force and to have her serious medical needs addressed, in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

34. The acts of Defendant Officers were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Ms. Watkins, thus entitling plaintiffs to an award of punitive damages against defendants.

35. If plaintiff prevails, he is entitled to attorney's fees pursuant to 42 U.S.C. §1988.

WHEREFORE, plaintiff prays for judgment against Defendants, jointly and severally, for compensatory damages and/or nominal damages in an amount that is fair and reasonable, for damages for aggravating circumstances, for attorney's fees and the costs of the litigation and for such other and further relief as is just and proper.

**COUNT II**
**LIABILITY OF CITY OF ST. LOUIS FOR FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS UNDER 42 U.S.C. §1983**

36. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. There exists within City of St. Louis policies or customs, practices and usages that are so pervasive that they constitute the policies of the entities that caused the constitutional deprivations of Ms. Watkins as have been more fully set forth herein above.

38. Defendant City of St. Louis maintained unconstitutional policies, customs, practices and usages and were deliberately indifferent in:

    a. That officers of the Airport Police Department and Public Safety Department use excessive force, including deadly force, without regard for the need for the use of force, or without regard for the legality of its use. Officers of the Airport Police Department and Public Safety Department expect and demand compliance even

when they lack legal authority and are quick to escalate encounters with subjects they perceive to be disobeying their orders, resisting arrest, who are committing minor crimes and who were not actively or only minimally resisting, attempting to flee or posing any imminent danger to others;

b. That officers of the Airport Police Department and Public Safety Department conspire with one another to cover for and protect one another from criminal and/or civil sanctions that might arise from the violation of constitutional rights of a citizen through weak oversight of officer use of force;

c. That officers of the Airport Police Department and Public Safety Department can use excessive force when it is not necessary and warranted where the police department fails to take action, investigate or adequately punish officers that violate the constitutional rights of its citizens as more fully described above;

d. That officers of the Airport Police Department and Public Safety Department engage in conduct that is violative of the constitutional rights of its citizens of the United States, with whom they come into contact, including, but not limited to:

 i. unjustifiably using excessive force;
 ii. using pepper spray and baton device in an unauthorized and excessive manner;
 iii. overly relying on the use of pepper spray and baton device where less force or no force would suffice;
 iv. failing to use proper Crisis Intervention techniques;

      v.      interpreting indications of mental or physical illness as belligerence; and

      vi.      failing to take an individual's mental health condition or intellectual disability in consideration when determining the use of force and improper restraint of individuals in violation of the Constitution of the United States.

e. That City of St. Louis, the Airport Police Department and Public Safety Department wilfully and deliberately failed to instruct, control, supervise discipline and train their officers on the authorized and acceptable use of pepper spray and baton device, when reasonable force can and should be used, on Crisis Intervention techniques and properly restraining individuals.

f. That City of St. Louis, the Airport Police Department and Public Safety Department wilfully and deliberately failed to implement or require the implementation of a policy on the authorized and acceptable use of pepper spray and baton device, when reasonable force can and should be used, on Crisis Intervention techniques and properly restraining individuals.

g. That City of St. Louis, the Airport Police Department and Public Safety Department wilfully and deliberately failed to enforce or require enforcement on the authorized and acceptable use of pepper spray and baton device, when reasonable force can and should be used, on Crisis Intervention techniques and properly restraining individuals.

39. Defendants City of St. Louis, Airport Police Department and Public Safety Department (policymakers for City of St. Louis) had the duty to effectively supervise, monitor and control the peace officers in their employ.

40. In addition, Defendants City of St. Louis, Airport Police Department and Public Safety Department had the duty to effectively train the peace officers in its employ, including supervisors and those who were charged with supervising, monitoring and controlling the deputies of the Airport Police Department and Public Safety Department.

41. An integral part of the discharge of the duties of City of St. Louis is the establishment of an effective internal affairs function by which complaints about officer conduct, acts and failures to act would be received, recorded, investigated and accurately determined. Defendants City of St. Louis, Airport Police Department and Public Safety Department failed to thoroughly investigate or review claims of excessive force or even use of force. They failed to thoroughly investigate or review unauthorized and excessive use of pepper spray and baton devices, restraint of persons and crisis interaction, failed to monitor officers against whom excessive force and unauthorized and excessive use of pepper spray and baton device and other restraint and crisis intervention complaints had been made and failed to remove officers from active duty who were found to have engaged in excessive force and unauthorized and excessive use of pepper spray and baton devices and other restraint maneuvers. The failure to train, discipline or supervise the officers of the Airport Police Department and Public Safety Department has resulted in members of the Airport Police Department and Public Safety Department using excessive force as a

matter of custom in violation of clearly established law. Defendants' failure to train, supervise or discipline its officers is not objectively reasonable.

42. Upon information and belief, City of St. Louis officers frequently do not report the force they use at all. City of St. Louis's internal affairs files contain instances of force that were not included in force files, offense reports containing use of force do not have a corresponding use of force report, force documented in officer workers' compensation claims do not have a corresponding use of force report and there is an over representation of pepper spray and baton uses as opposed to use of other forms of force.

43. Upon information and belief, Defendant Officer Metcalf and one or more Airport Police Department and Public Safety Department officers have engaged in the same or similar conduct as that experienced by Ms. Watkins, including being subjected to improper Crisis Intervention care, subjecting others to excessive force, improper restraint and using a pepper spray and baton device in an unauthorized and excessive manner. Defendant City of St. Louis had received complaints regarding these similar incidents prior to the date of the incident involving the plaintiff and at least two lawsuits and/or claims have been filed against one or more of the defendants relating to excessive force.

44. Defendants City of St. Louis, Airport Police Department and Public Safety Department policies, customs, practices or usages authorized and permitted the actions of Defendant Officers as Defendant City of St. Louis did nothing to address the complaints (such as training or disciplining their officers). Instead, Defendant City of St. Louis ignored or rejected the complaints.

45. Further, by its actions, Defendant City of St. Louis have ratified the unlawful conduct of Defendant Officers.

46. As a direct and proximate result of the policies, customs, practices and usages of defendants Defendants City of St. Louis, Ms. Watkins was severely injured, as described herein above, and plaintiff is entitled to compensatory damages under 42 U.S.C. §1983.

47. The acts of Defendant City of St. Louis as set forth above, were reckless and callously indifferent to the rights of Ms. Watkins, thus entitling plaintiff to an award of punitive damages against these defendants. Furthermore, if plaintiff prevails, he is entitled to attorney's fees pursuant to 42 U.S.C. §1988.

WHEREFORE, plaintiff prays for judgment against Defendants, jointly and severally, for compensatory damages, for damages for aggravating circumstances against Defendants, and/or nominal damages in an amount that are fair and reasonable, for attorneys' fees and the costs of the litigation and for such other and further relief as is just and proper.

**JURY TRIAL DEMANDED AS TO ALL COUNTS**

    Respectfully submitted,

    THE MUTRUX LAW FIRM, LLC

    BY: /s/ *R. Tyson Mutrux*
        R. Tyson Mutrux #63117MO
        PO Box 29480
        St. Louis, MO 63126
        (314) 270-2273
        (314) 884-4333 Facsimile
        Tyson@MFInjury.com
        *Attorney for Plaintiff Sarah Watkins*