UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARAH WATKINS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:21-cv-01344-SEP |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
|     Defendants. | ) |

### MEMORANDUM AND ORDER

Before the Court is Defendants' Consent Motion to Continue the Rule 16 Conference, Doc. 27, and Plaintiff's Consent Motion for Extension of Time to Serve Individual Defendants, Doc. 28. For the reasons set forth below, both motions are granted.

### I.    Motion for Extension of Time to Serve Individual Defendants

On February 16, 2022, the Individual Defendants filed a motion to dismiss for ineffective service of process and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6). Doc. 11. On March 18th, Plaintiff filed her memorandum in opposition, which essentially conceded that service of process on the Individual Defendants had been ineffective, but argued that the Court should grant her an extension of time to accomplish service. Doc. 22 at 4-7. Plaintiff argued that the Court should find good cause for a mandatory extension under Rule 4(m), or, alternatively, that the Court should find excusable neglect for a discretionary extension under Rule 4(m). *Id.* In their memorandum in reply, filed March 28th, Defendants clarified that they sought dismissal not because service was untimely, but because it was not accomplished in compliance with Rule 4(e) or (j). Doc. 24 at 2. To the extent that Plaintiff could be understood to concede that service of process was defective under Rule 4(e) and (j), and merely sought additional time to remedy that deficiency, Defendants "t[ook] no position" on Plaintiff's extension request. Doc. 24 at 2. On May 13th, with the motion to dismiss still pending, Defendants filed the instant Consent Motion to Continue the Rule 16 Conference, wherein they stated that they "do not oppose" Plaintiff's request for an extension of time to accomplish service. Doc. 27. On May 23rd, Plaintiff was instructed by the Court that any request for an extension of time should be made in a separate motion. *See* Fed. R. Civ. P. 4(m). Plaintiff filed the instant Motion for Extension

of Time later the same day. Doc. 28. Plaintiff's Motion—which restates her arguments for good cause and excusable neglect—represents that Defendants have consented to the Motion. *Id.* at 1. Plaintiff's initial request for an extension of time, made on March 18th, was made more than 120 days after the filing of her complaint. The instant Motion, filed on May 23rd, was filed more than 180 days after the filing of her complaint.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[U]nder Rule 4(m), if the district court concludes there is good cause for a plaintiff's failure to serve within [90] days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (2010) (citation omitted).

"A showing of good cause requires at least excusable neglect—good faith and some reasonable basis for noncompliance with the rules." *Id.* (citation omitted). Good cause may be found when: "[1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis." *Id.* (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (3d ed. 2002)).

"To warrant a discretionary extension, the plaintiff must establish excusable neglect." *Id.* (citations omitted). Excusable neglect is "an elastic concept that empowers courts to provide relief where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 959 (quotation marks and citations omitted). Courts should consider the following factors: "(1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Id.* (citations omitted).

Plaintiff filed her Complaint on November 13, 2021. Doc. 1. She notified the Court of her intent to use a process server on November 29th, 16 days after the filing of the Complaint.

Doc. 2. According to the returned summonses, service was purportedly effectuated by the process server on December 23rd, 40 days after the filing of the Complaint. Doc. 3. The summonses show, however, that service for each of the Individual Defendants was received by Sergeant Mark Oglesby at the St. Louis Lambert Airport Police Department. *Id.* Service was thus ineffective under the Federal Rules and Missouri law. *See* Fed. R. Civ. P. 4(e); Mo. Sup. Ct. R. 54.13(b)(1). On January 26, 2022—67 days after the filing of the Complaint, and 34 days after being improperly served—the Individual Defendants filed an unopposed motion for extension of time to file their responsive pleading, and then filed their motion to dismiss for ineffective service of process on February 16th—88 days after the filing of the Complaint. Plaintiff filed her memorandum in opposition on March 18th—119 days after the filing of the Complaint—wherein she conceded that the Individual Defendants had been improperly served and first requested an extension of time.

The Court finds good cause for an extension of time to accomplish proper service in this case. After filing her Complaint, Plaintiff promptly obtained the services of a professional process server and believed that Defendants had been properly served. Doc. 28 at 4.[1] The returned summonses show that the process server ineffectively served the Individual Defendants under federal and state law. Plaintiff's actions demonstrate, however, that she acted diligently in trying to effectuate service, and that her failure to complete service was the result of the conduct of the process server. That is sufficient for a finding of good cause. *See Kurka*, 628 F.3d at 957.

Even if good cause were not present, Plaintiff has demonstrated at least excusable neglect, which the Court, in its discretion, finds sufficient to grant an extension in this case. When the Individual Defendants first raised the issue of potential ineffective service of process and requested an extension of time to file their responsive pleadings, *see* Doc. 8 ¶ 1, Plaintiff consented to that request, *id.* ¶ 4. When Defendants moved to dismiss for ineffective service of process, Plaintiff conceded the issue and simply asked for more time to properly serve them. Had Defendants filed their motion to dismiss in January, as opposed to February, Plaintiff could have had time to remedy her mistake within the 90 days prescribed by Rule

---

[1] Because Defendants consent to Plaintiff's Motion for Extension of Time and do not dispute the facts therein, the Court accepts those factual representations as true.

3

4(m). The reason for the delay was thus Plaintiff's good faith but mistaken belief that service had been proper, and her consent to the Individual Defendants' own requested extension. Plaintiff has therefore demonstrated that she acted in good faith and that there is a lack of potential prejudice to the Individual Defendants. *See Kurka*, 628 F.3d at 959. The Court also finds that any delay caused by an extension of time will not negatively impact further proceedings. *See id.*

The Court thus finds that Plaintiff has demonstrated good cause, or at the very least, excusable neglect, sufficient for the Court to grant Plaintiff's Consent Motion to Serve the Individual Defendants. Plaintiff shall have 14 days from the date of this Order to serve the Individual Defendants and notify the Court that service is complete. Accordingly, Defendants' motion to dismiss pursuant to Rule 12(b)(5), Doc. 11 at 2, is denied as moot.

**II.    Motion to Continue Rule 16 Conference**

The parties jointly request that the Court postpone the Rule 16 Conference, currently scheduled for Thursday, May 26th, until such time as all defendants have been properly served. Doc. 27 ¶¶ 6, 8, 9. The parties argue that a Rule 16 Conference at this juncture is premature. The Court agrees. The Motion to Continue is therefore granted, and the conference will be reset by the Court once Plaintiff notifies the Court that the Individual Defendants have been properly served.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Consent Motion for Extension of Time to Serve Individual Defendants, Doc. 28, is **GRANTED**. Plaintiff shall have **fourteen (14) days** from the date of this Order to properly serve all Individual Defendants.

**IT IS FURTHER ORDERED** that the Individual Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5), Doc. 11 at 2, is **DENIED** as moot.

**IT IS FINALLY ORDERED** that Defendants' Consent Motion to Continue the Rule 16 Conference is **GRANTED**. The Rule 16 Conference will be reset once Plaintiff notifies the Court that the Individual Defendants have been properly served.

Dated this 24th day of May, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4