UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARAH WATKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-01344-SEP |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendant Frederick Thompson's Motion for Summary Judgment, Doc. 15.  Plaintiff has not opposed the Motion, and the time for doing so has passed.  For the reasons set forth below, the Motion is granted.

### FACTS AND BACKGROUND

Plaintiff Sarah Watkins brings this action under 42 U.S.C. § 1983 against the City of St. Louis and St. Louis International Airport Police officers Andrew Metcalf, Bryant Morris, Darryl Baker, Justin Colombo, Frederick Thompson, and Anthony Thompson, for the violation of her rights protected by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.  *See* Doc. 1 ¶¶ 26-47.  The Complaint sets forth two counts under 42 U.S.C. § 1983:  Count I against the individual officers, including Frederick Thompson; and Count II against the City of St. Louis.

Specifically, Plaintiff alleges that on December 24, 2016, St. Louis Airport Police Officer Andrew Metcalf stopped her near the St. Louis International Airport for an alleged traffic violation, and that Metcalf and other Airport Police officers, including Frederick Thompson, used excessive and unreasonable force when they pepper sprayed her and used their batons to obtain her compliance.  *Id.* ¶¶ 17-22.  Notably, the Complaint alleges that Officers Anthony Thompson and Frederick Thompson are both assigned Department Serial Number ("DSN") 14399.  Doc. 1 at 2.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court must grant a motion for summary judgment if it finds, based on the factual record, that "there is no genuine issue as to any

1

material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those that "might affect the outcome of the suit under the governing law," and there is a genuine dispute where "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (internal quotation marks omitted). The burden then shifts to the non-movant to "present specific evidence, beyond 'mere denials or allegations [that] . . . raise a genuine issue for trial.'" *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019) (quoting *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1079 (8th Cir. 2008)). "In order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Binkley v. Entergy Operations, Inc.*, 602 F.3d 928, 931 (8th Cir. 2010) (quotation marks omitted) (quoting *Godfrey v. Pulitzer Pub. Co.*, 276 F.3d 405, 412 (8th Cir. 2002)).

## Discussion

Frederick Thompson is, and was on December 24, 2016, a police officer employed by the St. Louis Airport Police Department. Doc. 18 (Amended Statement of Uncontroverted Material Facts) ¶ 1.[1] Frederick Thompson is assigned DSN 14269 and has never been assigned DSN 14399. *Id.* ¶¶ 2-3. He was not on duty at the time of the incident alleged in the Complaint, *id.* ¶ 4; had no involvement in the incident, *id.* ¶ 5; and has never had any interaction with Plaintiff, *id.* ¶ 6. The incident report for the incident alleged in the Complaint does not include any mention of or reference to Frederick Thompson. *Id.* ¶ 7. Frederick Thompson thus argues that Plaintiff has mistaken him for Anthony Thompson, and that he is not a proper party to this case.

---

[1] Plaintiff did not file a response to Thompson's Statement of Uncontroverted Material Facts, and therefore all well-supported facts therein are deemed admitted for purposes of this motion. See E.D. Mo. L.R. 4.01(E); Fed. R. Civ. P. 56(e)(2); *Jones v. United Parcel Serv., Inc.*, 461 F.3d 982, 991 (8th Cir. 2006).

Frederick Thompson filed this Motion on March 17, 2022.  To date, Plaintiff has neither responded to the motion nor moved to voluntarily dismiss Mr. Thompson as a party from this case.  Because the uncontroverted material facts demonstrate that Frederick Thompson was not involved in the incident that is the subject of this action, Frederick Thompson is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Frederick Thompson's Motion for Summary Judgment, Doc. 15, is **GRANTED**.  A separate Order of Judgment shall be issued herewith.

Dated this 28th day of September, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE